*427
 
 Pearson, J.
 

 That the distance set out in the deed from Oox to Nelson, is controlled by the call for “ Nathaniel Farrar’s corner, thence with his line, &c.,” is settled by
 
 Corn
 
 v.
 
 Mo-
 
 Orary, 3 Jones’ Rep. 498. The location of this corner and line, can only be made by the
 
 “
 
 course and distance” set out in the deed from Oox to Farrar, and it was contended that as it depended on course and distance, it was no more certain than the line arrived at by the course and distance in the deed from Cox to Nelson, and, therefore, ought not to control it. We do not concur in this view. The deed from Oox to Farrar, has nothing to depend on but course and distance. It was made first, and is to be first located. Afterwards, when Cox made the deed to Nelson, besides course and distance, he adds the material description,
 
 “
 
 Nathaniel Farrar’s comer, —thence with his line,” &c., showing thereby, that it was his intention to convey to Nelson the residue of the tract formerly owned by him, a part of which had been conveyed to Far-rar, and excluding the idea that he intended to leave a small strip between the two undisposed of. So that Farrar’s corner, and Farrar’s line, whether marked or unmarked, and in whatever manner it is ascertained, whether by course and distance, or otherwise, is made the boundary of the land conveyed to Nelson. In other words, Oox, having conveyed to Farrar a part of the original tract, intended to convey the residue to Nelson, and the call for Farrar’s corner and line, controls the course and distance, in order to carry this purpose into effect.
 

 In respect to the question of evidence, we concur with his Honor. There is no reason why the declarations of Farrar, while he was the owner of the land, are not admissible in evidence against those claiming under him.
 

 In respect to the question as to Rickman’s line, we also concur with his Honor. There was no evidence by which the jury could locate that lino; and supposing it to have been located, the call for
 
 “
 
 a Spanish oak,
 
 in or nea/r
 
 Rickman’s line,” would not control course and distance, because the Spanish oak could not be found ; and the word “ near,” is not
 
 *428
 
 sufficiently certain. Ilow near ? One pole or fifty ? Either would satisfy the term “near;”
 
 Harry
 
 v.
 
 Goodman,
 
 1 Dev. and Bat. Rep.
 
 16.
 
 There is no error.
 

 Pee Cueiam, Judgment affirmed.